**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HOZAY ROYAL,

Petitioner,

v.

THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,

Respondents.

Civil Action No. 16-6498 (CCC)

**MEMORANDUM AND ORDER**

**CECCHI, District Judge.**

Pro se Petitioner Hozay Royal, a prisoner confined at the Southern State Correctional Facility in Delmont, New Jersey, seeks to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014)—the form used by Petitioner does not include a declaration that the Petition contains all the grounds for relief that Petitioner is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date.

**IT IS** therefore on this 21 day of November, 2016,

**ORDERED** that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and

that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs[.]"); it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

**Claire C. Cecchi**
United States District Judge